Grafton County Probate Court
No. 84-337

*In re* ESTATE OF ROLAND U. MORRISSETTE

February 27, 1986

*Gregory H. Smith*, attorney general (*Leslie J. Ludtke*, assistant attorney general, on the brief and orally), for the State.

*Douglas A. Jones*, of Lebanon, by brief and orally, for Gabriel Morrissette, the administrator of the estate.

BROCK, J.   This is an appeal from a decree of the Grafton County Probate Court (*Boyle*, J.) establishing the fair market value of an interest in real estate at $36,000, rather than $49,890, the amount at which the New Hampshire Department of Revenue Administration (the department) appraised the property for purposes of the legacies and successions tax. RSA ch. 86. The property in question was conveyed by the administrator of the estate of Roland U. Morrissette to Gabriel and Elsie Morrissette, upon Roland's death, for $32,000, under a provision in a deed (specifying this price) which had conveyed the property from Gabriel and Elsie to Roland in 1979. The principal issue on appeal is whether the probate court erred in not upholding the department's assessment of tax on the property under RSA chapter 86 on the basis of an equalized value of $49,890. For the reasons that follow, we affirm.

In December 1976, Roland U. Morrissette conveyed certain real property located in Lebanon to Gabriel and Elsie Morrissette for $32,000. While they owned the property, Gabriel and Elsie made approximately $4,000 in improvements upon the property. On June 11, 1979, they reconveyed the property to Roland for $36,000 by a deed which included the following provision:

> "As a further consideration of this conveyance, the said Roland U. Morrissette, for himself, his heirs and assigns, agrees that he will not sell the premises herein conveyed without first offering to sell the premises to the said Gabriel J. Morrissette and Elsie M. Morrissette, or the survivor of them, for the sum of Thirty-Two Thousand Dollars ($32,000.00). The said Gabriel J. Morrissette and Elsie M. Morrissette shall have thirty (30) days after receipt of written notice of sale in which to accept or reject the offer. If the said Gabriel J. Morrissette and Elsie M. Morrissette fail to accept the offer within thirty (30) days, then, and in such event, the said Roland U. Morrissette shall be free to sell said premises to any other purchaser. In the event of the death of the said Roland U. Morrissette, the said Gabriel J. Morrissette and Elsie M. Morrissette, or the survivor of them, shall be entitled to purchase said premises from the Estate of Roland U. Morrissette upon payment of the sum of Thirty-Two Thousand Dollars ($32,000.00) within sixty (60) days of the date of the appointment of the Executor or Administrator of the Estate."

Roland Morrissette died intestate on February 9, 1983. Gabriel Morrissette was subsequently appointed administrator of the estate. He filed an inventory pursuant to RSA 86:21, in which he valued the property at $32,000. The department excepted to the inventory value and appraised the property at its "equalized valuation" of $49,890. The department assessed legacy and succession taxes based on the difference between the equalized value ($49,890) and the amount the Morrissettes paid for the property ($32,000). RSA 86:39, :40 (Supp. 1985).

The administrator then appealed to the probate court under RSA 86:47 (Supp. 1985), contesting the department's appraisal. At a hearing on February 23, 1984, both parties had an opportunity to present evidence to the court concerning the taxable value of the property. Gabriel Morrissette was the sole witness. No evidence, except apparently a worksheet, was introduced by the department to indicate that the fair market value of the property exceeded

$36,000, and *Boyle*, J., ruled that the tax should be calculated on that value. The department's motion for reconsideration was denied, and this appeal followed.

The department first argues that the Morrissettes' option under the deed to purchase the property within sixty days of the date of the appointment of the administrator of the decedent's estate, at the specified price of $32,000, constituted a donative transfer of any value in excess of that amount under RSA 86:6 (Supp. 1985). This statute provides in pertinent part that,

> "[a]ll property . . . and all real estate within the state . . . which shall pass by will, or by the laws regulating intestate successions, or by deed, grant, bargain, sale or gift, made in contemplation of death, or made or intended to take effect . . . at or after the death of the grantor or donor . . . shall be subject to a tax of fifteen percent of its value."

The department also argues that the property transferred was a fee simple absolute, and not a lesser interest determined by the existence of the option.

The department also contends that the probate court lacked authority to redetermine the value of the property in question, and that deference should have been afforded to the department's appraisal of the property. Under RSA 86:39 and :40 (Supp. 1985), the department has the right to appraise the property as well as to assess the tax payable; its valuation is final "unless the value so determined shall be reduced by proceedings as herein provided."

Since the department admits that it appraised the value of the property and assessed the tax under RSA 86:39, :40 (Supp. 1985), two questions arise: first, what procedure should be followed by a party aggrieved by such an appraisal and assessment and, second, if the aggrieved properly may choose to proceed under RSA 86:47 (Supp. 1985) in lieu of first requesting a subsequent appraisal under RSA 86:41 (Supp. 1985), what authority the probate court has, if any, to redetermine the value of the property at issue.

The department argues that the probate court erred in giving "no weight" to the department's appraisal and in establishing the property's value where the department "had not been provided the opportunity to assess the property."

RSA 86:40 (Supp. 1985) states that the department's valuation of the property is final unless "reduced by proceedings as herein provided." The administrator argues that the term "proceedings" indicates that a party aggrieved by the department's valuation may choose to proceed under either RSA 86:41 or :47 (Supp. 1985), as

alternative appeal mechanisms. Our construction of the phrase has a slightly different focus, but yields the same result. We note that the term "herein" should be read in the context of the chapter as a whole, *see In re Pearsons*, 98 Cal. 603, 608, 33 P. 451, 453 (1893), which indicates to us that where both a valuation and an assessment have been made by the department, an aggrieved party may choose to proceed under either RSA 86:41 or :47 (Supp. 1985).

■ Based on the limited record before us, and in view of the apparently quite minimal evidence before the probate court, we conclude that the probate court was not limited to determining the correctness of the valuation methodology employed by the department, but, rather, could properly determine the value of the property itself. This conclusion is reinforced by the structure and content of RSA chapter 86. Under RSA 86:47 (Supp. 1985), the probate court "shall, subject to appeal on questions of law, hear and determine all questions relative to [the assessed] tax." The distinction drawn by the statute between "questions of law" and "all questions relative to said tax" indicates that the probate court's authority is not as narrow as the department would have us conclude. While deference might appropriately be given to the department's appraisal in cases where it provides more complete evidence as to how it has determined the appraisal value, the circumstances of this case do not suggest that the court was compelled to accept the department's appraisal value in the absence of a subsequent appraisal under RSA 86:41 (Supp. 1985).

The department also contends that the right of first refusal clause contained in the 1979 deed was a restraint against alienation. Since first refusal became impossible after Roland Morrissette's death, we need not consider this argument. *Emerson v. King*, 118 N.H. 684, 687, 394 A.2d 51, 53 (1978).

■ Upon the record before us, we find no error in the probate court's determination of the fair market value of the property in this case. In view of the result reached, we need not address the parties' additional arguments.

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.